# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 98-60117
Summary Calendar

ROBERT P. JARRELL,

Plaintiff-Appellant,

versus

F-S PRESTRESS, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(2:97-CV-108-PG)

December 8, 1998

Before POLITZ, Chief Judge, WIENER and DENNIS, Circuit Judges.

POLITZ, Chief Judge:[*]

Robert P. Jarrell appeals an adverse summary judgment in his age discrimination[1] claim against his former employer, F-S Prestress, Inc. For the reasons assigned, we affirm.

## BACKGROUND

Prior to his termination at age 53, Jarrell served as plant manager for the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 29 U.S.C. §§ 621-634.

Hattiesburg, MS branch of F-S Prestress. In 1993, after becoming the company's general manager, Mark Fairchild met with Jarrell and informed him of the disappointing performance by the Hattiesburg branch and of the possibility of lay-offs, or even sale or closure of the plant. In the fall of 1994, after no substantial improvement in the operations' profitability, F-S Prestress cut costs by reducing the salaries of the three on-site managers, each of whom were above the age of 40.

Over the next year, the operations did not improve to the satisfaction of F-S Prestress management. Believing that the plant manager played a critical role in the performance of the company, F-S Prestress terminated Jarrell in February 1996. That same month, F-S Prestress retained Gary Johnson as its new plant manager. Johnson, who is older than Jarrell, became responsible for all of the duties previously shouldered by Jarrell. Because a week or two passed between the time of Jarrell's termination and Johnson's retention, Fairchild and another manager, both of whom were younger than Jarrell, temporarily assumed the duties previously performed by Jarrell.

Jarrell sued F-S Prestress under both federal and state law, alleging that its decision to fire him was based upon his age. Seeking to establish a discriminatory motive, Jarrell described statements made by its employees, such as "We are not doing it the old way anymore," "We feel sorry for you older people," and "You are past your prime." F-S Prestress moved for summary judgment. In considering Jarrell's ADEA claim, the district court determined that neither the stray remarks nor the decrease in Jarrell's salary constituted direct evidence of age

2

discrimination. The district court applied a modified **McDonnell Douglas** test to determine whether Jarrell established a *prima facie* case of discrimination. The district court found that Jarrell had not established the essential element that he was replaced by one outside the protected class or by one substantially younger than himself, and dismissed the ADEA claim. The state law claims were dismissed without prejudice. Jarrell timely appealed.

## ANALYSIS

In employment discrimination cases, we review summary judgments *de novo*, applying the same standard as the district court.[2] Federal rules provide for summary judgment when there exists no genuine issue of material fact.[3] A dispute concerning a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[4] In making this determination, the court must draw all justifiable inferences in favor of the nonmoving party.[5]

The ADEA protects those at least 40 years of age from discharge because of their age, and it provides them with a private cause of action.[6] ADEA plaintiffs may prove age discrimination by direct or circumstantial evidence.[7]

Jarrell contends that the district court erred in granting summary judgment

---

[2] **Bodenheimer v. PPG Indus., Inc.**, 5 F.3d 955 (5th Cir. 1993).

[3] FED. R. CIV. P. 56(c).

[4] **Bodenheimer**, 5 F.3d at 956.

[5] **Id.**

[6] 29 U.S.C. §§ 623, 626, 631.

[7] **Harrington v. Harris**, 118 F.3d 359 (5th Cir.), *cert. denied*, 118 S. Ct. 603 (1997).

because he maintains that he established discriminatory motive directly through the aforementioned statements and through the reduction in salaries of Jarrell and two other managers who were over 40 years of age. We first consider the above-quoted statements. Direct evidence is any statement revealing a discriminatory motive on its face without resort to inference.[8] In the alleged comment "not doing it the old way," the term "old" modifies "way." Any link to Jarrell's age would have to be inferred, but direct evidence must reveal discriminatory motive on its face, not by inference.

Nor do the other alleged statements constitute direct evidence of discriminatory motive; they are more accurately described as stray remarks. The statement about "feel[ing] sorry for you older people" merely reflects recognition of one's age, not discriminatory motive. Additionally this statement, like the statement about "[being] past your prime," was made in 1993 or 1994, which is too remote in time – and too vague in substance – to be probative of the alleged age discrimination in 1996.[9] In sum, we conclude that the comments cited by Jarrell do not constitute direct evidence of age discrimination.

Nor may the reduction in salary of the three managers in the Hattiesburg

---

[8] **Portis v. First Nat'l Bank of New Albany, MS**, 34 F.3d 325 (5th Cir. 1994) (Title VII context); **Brown v. East Miss. Elec. Power Ass'n**, 989 F.2d 858 (5th Cir. 1993) (same).

[9] **Armendariz v. Pinkerton Tobacco Co.**, 58 F.3d 144 (5th Cir. 1995) (finding too remote and vague to evidence age discrimination against plaintiff comments that a younger co-worker was "getting old" and "losing her memory"); **Atkin v. Lincoln Property Co.**, 991 F.2d 268 (5th Cir. 1993) (finding too remote and vague to evidence age discrimination a comment that plaintiff was "getting up there in years" when made one year prior to termination).

4

plant when plant operations did not meet the demands of higher management be deemed dispositive proof of discriminatory motive based on age. The summary judgment record reflects that non-management employees over 40 years of age did not have their pay reduced. We are not persuaded that the reductions in salary evidence an age-discrimination motive by F-S Prestress.

The summary judgment record does not support the essential finding that Jarrell was replaced by someone substantially younger than himself. This failure eviscerates the *prima facie* case of discrimination and requires dismissal of the ADEA claim.

The judgment appealed is AFFIRMED.